UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOL RUNNINGS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANDRONICO ADAN GONZALEZ, ABIMAEL LUPIAN UTRERA, JOSE OLIVARES LUPIAN, DRC CONTRACTING, LLC., <br><br> Defendants. | Case No.  1:21-cv-974-DAD-HBK <br><br> ORDER DENYING DEFENDANT DRC CONTRACTING, LLC'S MOTION FOR EXPEDITED DISCOVERY <br><br> (Doc. No.  23) |

Pending before the Court is Defendant DRC Contracting, LLC's motion for expedited discovery, attaching the declaration of counsel, Shane G. Smith, filed July 21, 2021.  (Doc. No. 23, "Motion").  Plaintiff Cool Runnings International, Inc. filed its response in opposition to Defendant's Motion on July 28, 2021, attaching the declaration of counsel, Dirk Paloutzian. (Doc. No. 30, "Response").  Defendant filed a Reply, attaching a supplemental declaration of attorney Shane G. Smith.  (Doc. No. 32, "Reply").  On August 3, the Court heard oral argument on the Motion.  For the following reasons, the Court denies Defendant's Motion.

**I. BACKGROUND**

The action involves two commercial refrigeration businesses:  Plaintiff Cool Runnings International, Inc. ("Cool Runnings") and Defendant DRC Contracting, LLC ("DRC

Contracting). On June 18, 2021, Cool Runnings filed the complaint alleging unauthorized access to its computer system and misappropriation of trade secrets against DRC Contracting, and its three former employees of Cool Runnings, who are now employees of DRC Contracting: Andronico Adan Gonzalez, Abimael Lupian Utrera, and Jose Olivares Lupian. (Doc. No. 1). The complaint sets forth six counts, including *inter alia*, violations of the Federal Defend Trade Secrets Act and California Uniform Trade Secrets Act, Cal. Civ. Code § 3426.2. (*Id.* at 15-17).

On July 12, 2021, Plaintiff filed a motion for preliminary injunction and later filed an amended notice to comply with Eastern District of California Local Rules 65 and 230. (Doc. Nos. 6, 17). Plaintiff seeks to enjoin Defendant DRC Contracting from obtaining, retaining, using, transmitting, disseminating, directly or indirectly, Plaintiff's trade secrets or work product they derived from Plaintiff's trade secrets; enjoin Defendant from using any information obtained from Plaintiff's computer system, including to solicit business from Plaintiff's customers; requiring Defendant to disgorge itself from Plaintiff's trade secrets and provide verification process whereby Defendant's electronically stored information is examined to verify the return and removal of all Plaintiff's trade secrets. (Doc. No. 6 at 1-2). Plaintiff's motion for a preliminary injunction is scheduled to be heard on September 21, 2021, at 9:30 a.m. in Courtroom 5 before District Judge Drozd. (Doc. No. 27). Defendant's opposition is due September 7, 2021. (*Id.*).

On July 21, 2021, Defendant DRC Contracting filed the instant motion for expedited discovery. (Doc. No. 23). Defendant argues it needs expedited discovery to defend against Plaintiff's motion for preliminary injunction. (*Id.*). The motion initially sought nine requests for production of documents ("RFPs), four interrogatories and the deposition of Mr. Ernesto Tapia. (*Id*. at 10-12). As to each of the discovery requests, Defendant states it is relevant to the "[l]ikelihood of success on the merits of [Plaintiff's] trade secret claims." (*Id.*). At oral argument Defendant withdrew RFPS 2, 7-9, and Interrogatories 3-4. (*See also* Doc. No. 32 at 8). Defendant primarily contends that it cannot adequately respond to Plaintiff's motion for a preliminary injunction because Plaintiff has not identified what trade secret information is at issue. Defendant also posits as a defense that Cool Runnings may have shared its project material spreadsheet, or other internal documents, with its clients, or otherwise failed to protect its trade

2

secrets.

## II. APPLICABLE STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 26(d) prohibits a party from seeking discovery from a source before the parties have conferred as required under Rule 26(f). In the Ninth Circuit, courts use "good cause" standard to determine whether discovery should be allowed to proceed prior to a Rule 26(f) conference. *See Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009); *see also TGI Friday's Inc. v. Stripes Restaurants, Inc.*, Case No. 1:15-cv-00592-AWI-SAB, 2015 WL 2341991, *2 (E.D. Ca. 2015). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *Semitool Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Ca. 2002). The court must make this evaluation considering "the entirety of the record . . . and [examine] the reasonableness of the request in light of all the surrounding circumstances." *Id.* at 275.

The parties agree in considering whether good cause exists, the court considers: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the [opposing party] to comply with the requests; and (5) how far in advance of the typical discovery process the request was made. *See TGI Fridays*, 2015 WL 2341991 *2 (citing *Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1067). A general rule, motions for expedited discovery in connection with motions for preliminary injunctions are made by the moving party requesting the injunctive relief, not the opposing party who does not carry the high burden. *Id.* (other citations omitted).

Defendant must sustain its burden by showing good cause to obtain expedited discovery well in advance of the Rule 26(f) conference, which is a departure from usual discovery procedures. *Id*. at 1066. Having considered the parties' respective pleadings and hearing argument on the same, the Court finds Defendant DRC Contracting has not shown good cause.

### A. Preliminary Injunction

A preliminary injunction is pending in this case, but it is Plaintiff's motion. Plaintiff, as the moving party, bears the burden of proof to demonstrate that the requirements for a

3

preliminary injunction have been met.  *Granny Good Foods Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 443 (1974).  The burden on Plaintiff is a heavy one to justify this "extraordinary remedy."  *Earth Island Institute v. Carlton*, 626 F.3d 462, 469 (9th Cir. 2010).  Accordingly, the lack of discovery in this action is more prejudicial to Plaintiff than Defendant since Plaintiff bears the burden of proof on its motion for a preliminary injunction.  Further, the fact that a preliminary injunction is filed does not *ipso facto* give rise to expedited discovery.  *See e.g., Am. LegalNet, Inc.*, 673 F. Supp. 2d at 1066; and *TGI Fridays, Inc.*, 2015 U.S. Dist. LEXIS 62885, *5.  Thus, at most this factor is neutral.

**B. Breadth and Purpose of Discovery**

The Court addresses these factors together as they are intertwined.  Defendant's discovery is not narrowly tailored to obtain information relevant to Defendant's articulated defense to Plaintiff's motion for a preliminary injunction.  (Doc. No. 23 at 10-11).  Instead, Defendant states its requested discovery is relevant for defending the "likelihood of success on the merits" of Plaintiff's claim.  (*Id.*).  Essentially, Defendant's discovery requests are directed at the merits of Plaintiff's motion.  But, as noted *supra*, this burden is borne by Plaintiff.

With regards to RFP No. 1 and Interrogatory No. 2, and request to Take Mr. Tapia's deposition, to the extent Defendant contends it does not know what trade secret information is at issue without obtaining the requested discovery, the complaint and attachments, along with the Plaintiff's motion for a preliminary injunction and exhibits, sets forth the facts alleging the trade secret information and constitute the evidence upon which Plaintiff will rely during the preliminary injunction hearing.  Aside from obtaining unredacted copies of exhibits B and C attached to Mr. Ernesto Tapia's declaration in support, Plaintiff's motion for a preliminary injunction identifies the evidence it intends to rely upon in support of its motion.  (*See* Doc. No. 6).  Regarding the two exhibits, the parties submitted a proposed stipulated protective order and the Court this same day approved the proposed stipulated protective order.  Thus, these documents in unredacted form will now be available to Defendant.  Plaintiff nonetheless points out that the subject documents are already in the constructive possession of DRC Contracting since exhibit B was attached to an email received by Defendant's employee and exhibit C is a

4

"carbon copy" of that document.[1]

If Defendant maintains that this information is insufficient and/or is inadequate in identifying Plaintiff's trade secrets, such argument is properly raised in response to Plaintiff's motion for a preliminary injunction, or in Fed. R. Civ. P. 12(b)(6) or 12(e) motion. The Court notes DRC Contracting filed a motion to dismiss in response to the complaint, which also is pending before the District Court. (Doc. No. 31).

Regarding RFP 3 and 4 and Interrogatory No. 1 concerning documents related to Cool Runnings' proposals for the two PriceSmart projects that were awarded to Defendant DRC Contracting, the Court finds this discovery is not narrowly tailored to any specific defense. In its moving papers, Defendant identifies this as relevant only to disproving Plaintiff is likely to prevail on the merits, without articulating the specific defense for which this discovery is necessary. At the hearing, Defendant vaguely suggested that Plaintiff may have provided its proprietary documents to its clients. Clearly reciprocal discovery of DRC Contracting communications and proposals with PriceSmart may be relevant to prove Plaintiff's claims, but the reverse appears to be at best a speculative attempt to uncover evidence without any basis that a "smoking gun" exists. To the extent that Defendant maintains such proprietary documents have found their way into public hands, Defendant arguably would already have these documents and would be able to identify the sources from which they were obtained.

Similarly, Defendant provides no reason why communications to and from Russell Moulton sought in RFP 5 and 6 would support any defenses to the motion for preliminary injunction. The Court agrees that that Defendant DRC mischaracterizes Plaintiff's reference to "RMoulton" in the footer of the project materials document attached to the April 8 email.

Thus, the Court finds Defendant's requested discovery is not narrowly tailored to any identified defense. Thus, the Court finds these factors weigh against Defendant's motion to expedite discovery.

///

---

[1] Notably, to the extent Plaintiff's business order form is one such exhibits, Defendant Adan, Defendant DRC's agent, has the form in his possession already.

### C. Burden on Plaintiff

Defendant argues that the expedited discovery does not pose any greater burden on Plaintiff than what would be imposed by later discovery. The Court disagrees. The abbreviated period to properly respond to the requested discovery, in particular the time to prepare a witness for a deposition, would impose an undue burden on Plaintiff. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 11-cv-01846, 2011 WL 1938154, *3 (N.D. Cal. May 18, 2011) (finding Rule 30(b)(6) deposition on expedited timeline to be unduly burdensome given the need to prepare a witness to testify on behalf of the corporation). This burden would be further exacerbated because in addition to responding to the Defendant's expedited discovery, Plaintiff is now required to respond to Defendant's dispositive motion. Thus, this factor weighs heavily against expediting discovery.

### D. Rule 26(f) Scheduling Conference

Defendant notes the scheduling conference is set for February 17, 2022. (Doc. No. 4). Thus, the expedited discovery is well in advance of the scheduled date. This date is not the fault of either party, but reflects the judicial emergency facing this Court. The parties are free to move the Court to advance the date of the scheduling conference if necessary, to advance this case. For purposes of this Motion, the Court finds this factor a neutral factor.

Accordingly, it is **ORDERED:**

Defendant's motion to expedite discovery (Doc. No. 23) is DENIED.

Dated:   August 5, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE