DIRK B. PALOUTZIAN
 *dpaloutzian@bakermanock.com*
PETER G. FASHING
 *pfashing@bakermanock.com*
Baker Manock & Jensen, PC
5260 North Palm Avenue, Fourth Floor
Fresno, California 93704
Telephone:    (559) 432-5400
Facsimile:    (559) 432-5620
*Attorneys for Plaintiff*
*COOL RUNNINGS INTERNATIONAL, INC.*

Angelina K. Whitaker, Esq.
 *awhitaker@blueskylaw.com*
D. Barton Black, Esq.
 *bblack@blueskylaw.com*
BLUE SKY LAW
4045 Orchard Road, Building 400
Smyrna, GA 30080
Telephone:    (678) 496-9800
*Attorneys for Plaintiff*
*COOL RUNNINGS INTERNATIONAL, INC.*

MCCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP
Shane G. Smith, CA # 272630
 *ssmith@mccormickbarstow.com*
Annie Duong
 *annie.duong@mccormickbarstow.com*
7647 North Fresno Street
Fresno, California 93720
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300
*Attorneys for Defendant,*
*DRC CONTRACTING, LLC*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| COOL RUNNINGS INTERNATIONAL, INC., | Case No. 1:21-CV-00974-DAD-HBK |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| ANDRONICO ADAN GONZALEZ, ABIMAEL LUPIAN UTRERA, JOSE OLIVARES LUPIAN and DRC CONTRACTING, LLC,, | |
| Defendants. | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff COOL RUNNINGS INTERNATIONAL, INC. ("Plaintiff") and Defendant DRC CONTRACTING, LLC ("Defendant"), through counsel undersigned, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in advance of trial in this action.

## **GOOD CAUSE STATEMENT PURSUANT TO L.R. 141.1(c)**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. It is the intent of the parties and the Court that information will not be designated as confidential for tactical reasons in this case, and that nothing will be so designated without a good faith belief that there is good cause as to why information should not be part of the public record.

**Statement Under L.R. 141.1(c)(1):** Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

a) Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

b) Agreements with third-parties;

c) Research and development information;

d) Information related to budgets, sales, profits, costs, margins, product pricing, or other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information;

e) Information showing the price or other information related to the terms of sale or purchase of products and materials relevant to this case;

f)   Information related to internal operations, including personnel information;

g)   Information related to past, current, and future market analyses and business and marketing development, including plans, strategies, forecasts and competition; and,

h)   Trade secrets (as defined by the jurisdiction in which the information is located).

**Statement Under L.R. 141.1(c)(2):**  Generally speaking, information and documents shall only be designated under this protective order because the Designating Party believes the information or documents are proprietary, confidential, and/or trade secret information that the Designating Party would not release publicly.  Unrestricted or unprotected disclosure of such confidential, technical, commercial, or personal information may result in prejudice or harm to the Producing Party by revealing the Producing Party's competitive confidential information.  Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

**Statement Under L.R. 141.1(c)(3):**  The parties submit that protecting the confidential nature of information in this way will be most efficient for the parties and the Court.  That is because the liability issues in this case will involve the mutual exchange of documents and other information that a party may consider to be its proprietary, confidential, and trade secret information.  Remedies issues in this case are likely to involve the mutual exchange of business-sensitive financial, pricing, and related information.  The parties have met and conferred on this issue and agree that any private agreement between the parties to safeguard this information will only need to be replicated through orders of this Court at the time of filing dispositive or non-dispositive motions.

## PROTECTIVE ORDER

1.  DEFINITIONS.

(a)   The term "Attorneys' Eyes Only" shall mean and include those CONFIDENTIAL documents, answers to interrogatories, responses to requests for admission, depositions, affidavits, expert reports, legal briefs or memoranda, and portions of such materials, and information derived therefrom which the Designating Party in good faith believes is highly confidential such that, if disclosed to the Receiving Party, might cause competitive harm to the Designating Party. Information and material that may be subject to this protection includes, but is not limited to,

financial statements, proprietary technical and/or research and development data, documents related to intellectual property in development or which is the subject of a non-public application, financial, marketing and other sales data (such as actual or prospective customer lists, actual or prospective vendor lists, purchase prices, and sales pricing), trade secrets, scientific and/or technical information, proprietary items or information, and/or information having strategic commercial value pertaining to the Designating Party's trade or business.  Additionally, relevant documents related to an individual's employment or employment related disclosures shall be made pursuant to a "Attorneys' Eyes Only" designation to protect the privacy of these individuals.

(b) The term "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

(c) The term "Confidential" shall mean information (regardless of how it is generated, stored, or maintained) or tangible things that the Designating Party in good faith reasonably believes will disclose confidential, proprietary and nonpublic financial, commercial personal or business information eligible for protection under the Federal Rules of Civil Procedure. "Confidential" information shall not include information that either: (a) is in the public domain at the time of disclosure; (b) lawfully becomes part of the public domain through no fault of the recipient, or (c) was lawfully in the procession of the Receiving Party at the time of disclosure.

(d) The term "Counsel" shall mean the attorneys of record for any party in this action, their associates and their staff.  If any party seeks to add counsel of record or substitute counsel of record, then no "Confidential" or "Attorneys' Eyes Only" Documents and information shall be discussed to such additional or substitute counsel until they have agreed to this stipulation by executing the attached **Exhibit A**.

(e) The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Attorneys' Eyes Only."

(f) The term "Documents" shall have the same meaning as the terms "documents and electronically stored information" as used in Rule 34 of the Federal Rules of Civil Procedure.

(g) The term "Expert" shall mean a person with specialized knowledge or experience in


Case 1:21-cv-00974-DAD-HBK   Document 37   Filed 08/06/21   Page 5 of 19

a matter pertinent to this litigation who has been retained by a Party to serve as an expert witness or as a consultant in this litigation and who, at the time of retention, is not anticipated to become an officer, director, or employee of a Party. Nothing in this Protective Order purports to alter in any way the requirements for offering testimony under Fed. R. Evid. 703, or to define the term "expert" for purposes other than those addressed in this Protective Order.

(h)     The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(i)     The term "Party" shall mean any party to this action, including all of its officers, directors, employees, and consultants retained in the ordinary course of business.

(j)     The term "Producing Party" shall mean a Party or Non-Party that produces information or other discovery material in this action.

(k)     The term "Professional Vendors" shall mean persons or entities that provide litigation support services (*e.g.,* photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(l)     The term "Protected Material" shall mean any information or other discovery material that is designated as "Confidential" or "Attorneys' Eyes Only."

(m)     The term "Receiving Party" shall mean a Party that receives information or other discovery material from a Producing Party.

2.     DESIGNATING PROTECTED MATERIAL.

(a)     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designations. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify under the appropriate standards so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.,* to unnecessarily encumber or


McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

5

retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

(b) <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, discovery material and information that qualify for protection under this Order must be clearly so designated before the material is disclosed or produced. The Designating Party must use reasonable efforts to ensure that the applicable legend appears on each page of each file produced, as permitted by the particular format of a given Document.

(c) <u>Materials Subject to Designation</u>. Each party to this litigation may designate any Document, thing, interrogatory answer, admission, deposition testimony, and portions of such materials, or other information that it has provided or which a third-party has provided as "Confidential" and/or "Attorneys' Eyes Only" in accordance with this Protective Order. The party designating such information as "Confidential" or "Attorneys' Eyes Only" shall be known as the "Designating Party" and the designation shall be set out thereon. In designating Documents or information as "Confidential," the Designating Party's counsel shall make a good faith determination, before applying the designation, that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure. Before designating Documents or information as "Attorneys' Eyes Only" the Designating Party's counsel shall make a good faith determination that the information warrants protection under Rule 26(c) of the Federal Rules of Civil Procedure, and also warrants protection from disclosure to the party receiving the Documents or information due to a risk of competitive harm.

(d) <u>Designating Originals or Tangible Items</u>. In the event the Producing Party elects to produce original Documents and things for inspection rather than produce copies of Documents, the Producing Party shall identify those original Documents or tangible items which the Producing Party is designating as "Confidential" or "Attorney's Eyes Only" at the initial inspection. Thereafter, upon selection of specified Documents for copying by the inspecting party, the Producing Party

shall mark the copies of such Documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party. Said marking shall not delay the production of the copies. Information obtained by counsel from initial review of Documents or tangible items, whether in written form or not, shall be maintained as "Confidential" or "Attorneys Eyes Only" pursuant to the Producing Party's designations at the time of initial inspection, unless such information is produced without a designation of confidentiality or as otherwise agreed in writing by the Producing Party.

(e) <u>Inadvertent Failures to Designate</u>. If timely corrected after its discovery, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

(f) <u>Production by Non-Parties</u>. Documents produced by Non-Parties shall be provisionally designated as "Attorneys' Eyes Only" for a period of 14 days from the date of production, during which period any Party may designate any portion of the production as "Confidential" or "Attorneys' Eyes Only."

3.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>.

(a) <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within five (5) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and

must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c) <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain the confidentiality designation within fourteen (14) days of the initial notice of challenge or within seven (7) days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Any motion seeking relief from the Court must comply with Hon. Barch-Kuchta's Standing Order ¶ II.D. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration within fourteen (14) days (or seven (7) days, if applicable), shall automatically waive the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

4. <u>ACCESS TO "CONFIDENTIAL" MATERIALS</u>.

All information designated as "Confidential" shall not be disclosed to anyone other than the parties, Counsel, the Court and its personnel, court reporters and/or videographers in the course of covering depositions, as well as any experts, consultants, and Professional Vendors retained by any Party or its Counsel. All persons other than Counsel, the Parties, the Court, and the Court's personnel in the instant action to whom "Confidential" information is disclosed shall read this Protective Order in advance of such disclosure and agree in writing to be bound by its terms.

"Confidential" information subject to this Protective Order shall be used by the party(ies) to whom it is produced solely and exclusively for purposes of the above-captioned litigation unless and until such designation is removed either by agreement of the Parties or by order of the Court.

5. ACCESS TO "ATTORNEYS' EYES ONLY" MATERIALS.

All information designated as "Attorneys' Eyes Only" shall not be disclosed to anyone other than the Court and its personnel, Counsel, and court reporters and/or videographers in the course of covering depositions. Any Party's experts, consultants, and/or translators retained by Party's Counsel may receive "Attorneys' Eyes Only" information *provided* they have agreed to this stipulation by executing **Exhibit A** pursuant to Paragraph 6 below. *However*, the experts, consultants, and translators who may view "Attorneys' Eyes Only" cannot be employees or independent contractors of either Plaintiff or Defendant, nor any of Plaintiff's or Defendant's subsidiaries or affiliated companies.

"Attorneys' Eyes Only" information subject to this Protective Order shall be used by the party(ies) to whom it is produced solely and exclusively for purposes of the above-captioned litigation unless and until such designation is removed either by agreement of the Parties or by order of the Court.

6. EXPERTS & CONSULTANTS.

(a) Persons Covered By This Provision. The procedure specified under Paragraph 6(b) shall apply to Experts expressly retained by Counsel to assist in the preparation of this litigation for trial, whether or not the Expert is expected to testify at trial or not, as well as any personnel who support such Expert's work under the Expert's direction and supervision, and who are necessary for the completion of that work ("Support Personnel"). Disclosures to any such Support Personnel are to be limited to only those disclosures necessary to assist the Expert.

(b) Procedure for Designating Experts & Consultants Under the Protective Order. As a condition precedent to disclosure of any CONFIDENTIAL materials to an individual described in Paragraph 3(a) above, Counsel for the Receiving Party shall require the Expert and his/her Support Personnel (if any) to execute the form of **Exhibit A** attached hereto. Such executed **Exhibit A** shall be maintained by Counsel for the Receiving Party for the term of this Stipulated Protective Order.

7. STORAGE OF PROTECTED INFORMATION BY RECEIVING PARTY.

The recipient of any Confidential and/or Attorneys' Eyes Only materials provided under this Protective Order (including copies or excerpts made thereof) shall maintain such information in a

secure and safe area, and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

8. <u>TREATMENT OF PROTECTED MATERIAL AT DEPOSITIONS IN THIS LITIGATION</u>.

(a) <u>Deposition of the Authors and Recipients of Protected Material</u>. With respect to Documents designated as "Confidential" or "Attorneys' Eyes Only," any person indicated on the face of the Document to be its originator, author, or recipient may be shown the Documents. Additionally, any Document designated as "Confidential" or "Attorneys' Eyes Only" may be shown to any employee of the Designating Party and/or the party that produced in this litigation the Document so designated during the deposition of that employee if it is reasonably probable that the employee would have access to or knowledge of the information contained in that Document.

(b) <u>Exclusion of Certain Persons From Protected Deposition Testimony</u>. Any Party shall have the right to exclude from attendance at a deposition, during such time as the "Confidential" or "Attorneys' Eyes Only" Documents or information is to be disclosed, every individual not entitled under the Protective Order to receipt of the information, excluding the deponent and the court reporter and/or videographer. However, if a document designated "Attorneys' Eyes Only" is produced for the first time during the course of such deposition, the non-designating Party shall be entitled to stay the deposition with respect to the subject Document.

(c) <u>Procedure for Designating Transcript Sections as Protected Material</u>. Whenever following the parties' Rule 26(f) conference a deposition taken on behalf of any party involves a disclosure of "Confidential" or "Attorneys' Eyes Only" Documents or information of any party, said deposition or portions thereof shall be designated as containing "Confidential" or "Attorneys' Eyes Only" subject to the provisions of this Protective Order at the time the deposition is taken whenever possible; *however*, any Party shall have until thirty (30) days after receipt of the deposition transcript within which to designate, in writing, those portions of the transcript it wishes to remain designated as "Confidential" or "Attorneys' Eyes Only," and the right to make such designation shall be waived unless made within the thirty (30) day period. During such thirty (30) day period, the entirety of the transcript shall be deemed designated "Attorneys' Eyes Only" to preserve the

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

10

right of any Party to make a designation of "Confidential" or "Attorneys' Eyes Only" during that thirty (30) day period.

Whenever a deposition taken during any period of expedited discovery on behalf of any party involves a disclosure of "Confidential" or "Attorneys' Eyes Only" Documents or information of any party, said deposition or portions thereof shall be designated as containing "Confidential" or "Attorneys' Eyes Only" subject to the provisions of this Protective Order at the time the deposition is taken whenever possible; *however*, any Party shall have until ten (10) days after receipt of the deposition transcript within which to designate, in writing, those portions of the transcript it wishes to remain designated as "Confidential" or "Attorneys' Eyes Only," and the right to make such designation shall be waived unless made within the ten (10) day period.  During such ten (10) day period, the entirety of the transcript shall be deemed designated "Attorneys' Eyes Only" to preserve the right of any Party to make a designation of "Confidential" or "Attorneys' Eyes Only" during that ten (10) day period.

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>.

If a Party is served with a subpoena or a court order issues in another litigation that compels disclosure of any information or items designated in this action as "Confidential" or "Attorneys' Eyes Only," that Party must:

(a) Promptly notify the Designating Party in writing.  Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Attorneys' Eyes Only" before a determination by the court from which the subpoena or order

issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10.    PROTECTED MATERIAL OF A NON-PARTY SOUGHT TO BE PRODUCED IN THIS LITIGATION.

(a)    Applicability. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "Confidential" or "Attorneys' Eyes Only." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    Notice Procedure. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i)    Promptly notify, in writing, the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii)    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii)    Make the information requested available for inspection by the Non-Party.

(c)    Disclosure and Remedy. If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the above notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its

Protected Material.

11. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

12. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>.

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

13. <u>FINAL DISPOSITION</u>.

(a) <u>Upon Termination of this Action</u>. Within sixty (60) days after a final disposition of the action, which shall include entry of final judgment and the exhaustion of all rights of appeal, or a dismissal of the action, a Receiving Party shall either return to the Producing Party or destroy all Documents and things or transcripts of depositions, together with all copies thereof, which have been designated "Confidential" or "Attorneys' Eyes Only." Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain

Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

(b) <u>Continuing Obligations</u>.  The termination of proceedings in this action shall not thereafter relieve a person to whom "Confidential" or "Attorneys' Eyes Only" was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order for a period of three (3) years, except that the continuing nature of the obligations in this provision shall not apply to the Court or its personnel.

14. <u>LIMITATIONS</u>.

(a) <u>Attorneys' Right to Counsel Clients</u>.  Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's Party-client with respect to this action, and in the course thereof, relying upon an examination of "Confidential" and/or "Attorneys' Eyes Only" Documents or information; *provided*, that in rendering such legal advice and in otherwise communicating with the Party-client, the attorney shall not disclose any "Confidential" or "Attorneys' Eyes Only" Documents or information to anyone not authorized to receive such Documents, things, materials, or information pursuant to the terms of this Protective Order.

(b) <u>Filing Protected Materials</u>.  Any Documents produced in discovery, answers to interrogatories, deposition transcripts, or other Documents that are filed with the Court for any purpose and that incorporate information that is designated "Confidential" or "Attorneys' Eyes Only" shall be filed in compliance with Local Rule 141.

(c) <u>Reservation of Rights</u>.  Nothing in this Protective Order, nor the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver or admission of any claim or defense of this action.  Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of Documents or things, and, except as expressly provided, shall not relieve

any party of the obligation of producing information in the course of discovery.  This Order shall not in any way limit what the Producing Party may do with its own Documents or information.

(d) <u>Meet and Confer In Advance of Trial</u>.  Subject to Paragraph 15(b) and the Federal Rules of Evidence, Documents, material, and information designated "Confidential" or "Attorneys' Eyes Only" may be offered in evidence at any pre-trial hearing in the instant action upon one (1) day's written notice of the intention to do so or, if that is not possible, such shorter notice as the circumstances permit.  In the instant Action, any party may move the Court orally or in writing for an order that the evidence be received *in camera* at a hearing or under other conditions to prevent unnecessary disclosure.  The party seeking to use Documents, material, and information designated "Confidential" or "Attorneys' Eyes Only" must request that the portion of the proceeding where use is made be conducted so as to exclude persons not qualified to receive such Documents, material, and information.

The parties shall meet and confer concerning the use and protection of Documents, material, and information designated "Confidential" or "Attorneys' Eyes Only" in open court at any pre-trial hearing or trial.

Prior to the pretrial conference, the parties shall meet and confer concerning appropriate methods for dealing with Documents, material, and information designated "Confidential" or "Attorneys' Eyes Only" at trial.

15. <u>MISCELLANEOUS</u>.

(a) <u>Right to Seek Modification</u>.  The parties may, by written stipulation, provide for exceptions to this Protective Order, and any Party may seek an order of this Court modifying or interpreting this Protective Order.  No stipulation amending this Protective Order will have the force or effect of a Court order absent the Court's written approval of it.

(b) <u>Right to Further Relief</u>.  Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order regarding matter designated as containing "Confidential" or "Attorneys' Eyes Only."

(c) <u>Right to Assert Other Objections</u>. By stipulating to entry of this Protective Order, no

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO ORDERED.

Dated:   August 5, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

**STIPULATION**

IT IS HEREBY STIPULATED by and among the parties, through their undersigned counsel, that the foregoing Stipulated Protective Order may be entered in this action subject to the consent of the Court.

Dated: August 4, 2021                                              BLUE SKY LAW

By: */s/ Angelina K. Whitaker*
Angelina K. Whitaker
D. Barton Black
*Attorneys for Plaintiff,*
*COOL RUNNINGS INT'L, INC.*

Dated: August 4, 2021                              McCORMICK, BARSTOW, SHEPPARD,
WAYTE & CARRUTH LLP

By: */s/ Shane G. Smith*
Shane G. Smith
Annie Duong
*Attorneys for Defendant,*
*DRC CONTRACTING, LLC*

-oOo-

**SIGNATURE ATTESTATION**

I hereby attest that concurrence has been obtained from Angelina Whitaker, counsel for Plaintiff Cool Runnings International, Inc., as indicated by a "conformed" signature (/s/) within this e-filed document.

*/s/ Shane G. Smith*
Shane G. Smith

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
7647 NORTH FRESNO STREET
FRESNO, CA 93720

17

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [type or print full name] of _____ [print or type full address], hereby declare under penalty of perjury that I have read and am fully familiar with the terms of the Protective Order entered in *Cool Runnings International, Inc. v. Gonzalez, et al.*, Case No. 1:21-CV-00974-DAD-HBK in the United States District Court for the Eastern District of California, and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.

I acknowledge that I am about to receive Confidential Documents and/or information in said action, and hereby certify my understanding that such information is being provided to me pursuant to the terms and restrictions of the Protective Order. I understand that such information, and any copies I make of any material containing "Confidential" information, or any notes or other records that may be made regarding any such information, shall not be disclosed to others, except other persons that are identified in or have agreed to comply with and be bound by the terms of the Protective Order. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____[print or type full name] of _____ _____ [print or type full address, telephone number, and email address] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF FRESNO**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Fresno, State of California. My business address is 7647 North Fresno Street, Fresno, CA 93720.

On August 4, 2021, I served true copies of the following document(s) described as **[Proposed] STIPULATED PROTECTIVE ORDER** on the interested parties in this action as follows:

Dirk B. Paloutzian, Esq.
Baker, Manock & Jensen
5260 North Palm Avenue, Suite 421
Fresno, CA  93704

Angelina K. Whitaker, Esq.
D. Barton Black, Esq.
Blue Sky Law
4045 Orchard Road, Building 400
Smyrna, GA 30080

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 4, 2021, at Fresno, California.

By: /s/ Shane G. Smith
Shane G. Smith

040049-000000 7810472.2