UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOL RUNNINGS INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANDRONICO ADAN GONZALEZ, et al.,<br><br>Defendants. | No.  1:21-cv-00974-DAD-HBK<br><br>ORDER GRANTING PLAINTIFF'S AND DEFENDANT DRC'S REQUESTS TO SEAL DOCUMENTS<br><br>(Doc. Nos. 8, 40) |

    This matter is before the court on plaintiff Cool Runnings International Inc.'s ("Cool Runnings" or "plaintiff") and defendant DRC Contracting, LLC's ("DRC" or "defendant") respective unopposed requests to seal documents.  (Doc. Nos. 8, 40.)  Plaintiff requests the court's permission to file redacted versions of documents pertaining to its motion for preliminary injunction on the public docket and to file unredacted versions of those documents under seal.  (Doc. No. 8 at 1.)  Defendant DRC requests the court's permission to file redacted documents in support of its opposition to plaintiff's motion for preliminary injunction.  (Doc. No. 40 at 2.)  In addition to their notices of request to seal, which are publicly filed on the court's docket, the parties have also provided the court with unredacted versions of the documents they seek to redact as well as the documents they wish to file under seal.  The court has reviewed those

/////

documents in considering the requests to seal and for the reasons explained below, both requests will be granted.

## LEGAL STANDARD

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010). The standards used are based on the type of motion to which the documents to be sealed are attached:

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citations omitted). The reason for the two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (quotations omitted).

Under the "compelling reasons" standard applicable to dispositive motions:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks, omissions, and citations omitted). The party seeking to

1  seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178;
2  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

3        While the terms "dispositive" and "non-dispositive" motions are often used in this
4  context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever
5  the motion at issue "is more than tangentially related to the merits of a case." *Center for Auto*
6  *Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  In some instances, the
7  proposed filing of documents under seal in connection with motions for preliminary injunction,
8  for sanctions, or *in limine*—though such motions are not dispositive—–may be governed by the
9  "compelling reasons" test, predicated on the right of access and the need to "provide the public
10 with a more complete understanding of the judicial system and a better perception of its fairness."
11 *Id.* at 1097–1101 (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 161
12 (3rd Cir. 1993)).  In keeping with this principle, requests to seal documents relating to motions for
13 a preliminary injunction have been found by the Ninth Circuit to "more than tangentially relate[]
14 to the merits" because success on the motion for a preliminary injunction would have resolved a
15 portion of the claims in the underlying complaint. *Center for Auto Safety, LLC*, 809 F.3d at 1102.
16       "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when
17 such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to
18 gratify private spite, promote public scandal, circulate libelous statements, or release trade
19 secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact that the
20 production of records may lead to a litigant's embarrassment, incrimination, or exposure to
21 further litigation will not, without more, compel the court to seal its records." *Id.*  "The
22 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were
23 previously filed under seal or protective order." *Id.* at 1178–79.

**DISCUSSION**

25       The court will first address the relevant standard and will then address each party's
26 request.  Both parties have requested that the court seal documents attached to briefing related to
27 the pending motion for preliminary injunction. (Doc. Nos. 8 at 2–3; 40 at 3.)  Neither party
28 opposes the other party's request.

For plaintiff, success on its motion for preliminary injunction results in a portion of the injunctive relief that it requests in the complaint. *See Center for Auto Safety, LLC*, 809 F.3d at 1102 (concluding that "plaintiffs' motion for preliminary injunction is more than tangentially related to the merits" and thus, a motion to seal should be considered under the compelling reasons standard). Therefore, both requests to seal will be evaluated under the "compelling reason" standard because the motion for preliminary injunction is dispositive in the sense that it is "more than tangentially related to the merits of a case." *Id.*

In its unopposed request, plaintiff seeks to file redacted versions of the following documents on the public docket and have the unredacted versions under seal: Exhibit B and C of Ernesto Tapia's declaration in support of plaintiff's motion for preliminary injunction. (Doc. No. 8 at 1.) Those two documents contain the trade secrets which plaintiff alleges defendant took from plaintiff following defendant Adan's resignation from his employment with plaintiff. Without redaction, disclosure of these documents could result in plaintiff's further loss of trade secrets and economic harm, which is the exact outcome plaintiff seeks to prevent by filing this action. Therefore, the court concludes that a compelling reason exists to seal the documents as requested by plaintiff.

Defendant DRC seeks to file redacted versions of the following documents on the public docket and have the unredacted versions under seal: (1) portions of defendant DRC's opposition to plaintiff's motion for preliminary injunction; (2) portions of Dan R. Cline's Declaration in support of defendant DRC's opposition to plaintiff's motion for preliminary injunction; and (3) Exhibits 5–10, 13, 15–19 to the Smith Declaration. (Doc. No. 40 at 2–3.) These documents contain the names and contact information of individuals who work for third-party PriceSmart, Inc.; information that PriceSmart, Inc. may consider confidential in nature; and information that plaintiff considers to be confidential. (*Id.* at 3.) Therefore, the court concludes that compelling reasons likewise exist to seal defendant DRC's documents.

## CONCLUSION

After reviewing the papers submitted, the court grants plaintiff's request to seal (Doc. No. 8) and defendant DRC's request to seal (Doc. No. 40). Both parties shall provide an electronic

1  copy of the documents to be sealed to the Clerk of the Court by email at

2  ApprovedSealed@caed.uscourts.gov, at which time the Clerk of the Court will file the documents

3  under seal.  *See* Local Rule 141(e)(2)(i).

4  IT IS SO ORDERED.

5  Dated:  **October 27, 2021**

6                                          UNITED STATES DISTRICT JUDGE

*/s/ Dale A. Drozd*