UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COOL RUNNINGS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANDRONICO ADAN GONZALEZ, ABIMAEL LUPIAN UTRERA, JOSE OLIVARES LUPIAN and DRC CONTRACTING, LLC, <br><br> Defendants. | Case No. 1:21-cv-00974-DAD-HBK <br><br> PRELIMINARY CASE MANANGEMENT AND LIMITED DISCOVERY ORDER |

The Court held a telephonic scheduling conference with Plaintiff Cool Runnings International, Inc. ("Plaintiff" or "Cool Runnings") and Defendant DRC Contracting, LLC ("Defendant" or "DRC") (collectively referred to as "the parties") on February 17, 2022. (Doc. No. 71). The parties agreed an order scheduling a period of limited discovery would benefit the case, particularly for purposes of trying to reach a resolution at a settlement conference or at mediation. As directed by the Court, the parties filed a Joint Report proposing a Limited Discovery Plan on February 24, 2022. (Doc. No. 72, "Joint Discovery Report").

The Joint Discovery Report reveals the parties agree to all dates and matters for discovery. (*See generally Id.*). The parties dispute when discovery should commence. Plaintiff requests discovery to immediately commence. Defendant requests discovery to commence 14 days after

1   Plaintiff discloses its asserted trade secrets and supporting documents consistent with California

2   Code of Civil Procedure § 2019.210.  (*Id.* at 4).   Defendant set forth this argument in the

3   February 10, 2022 Joint Scheduling Report.  (Doc. No. 68 at 10-11).  In response, Plaintiff

4   countered it is not clear whether § 2019.210 even applies to actions in federal courts. (*Id.* at 10)

5   (citing *E&J Gallo Winery v. Institutt Voor Landbouw-en Visserijonderzoek*, Case No. 1:17-cv-

6   00808-DAD-EPG (E.D. Cal. June 18, 2018) (stating Ninth Circuit has not determined this issue).

7   Plaintiff further argued Defendant may properly seek this information in discovery, as opposed to

8   requiring it be disclosed at the outset.  (*Id.*).  Defendant offers to submit supplemental briefing on

9   the issue if the Court so requires.  (Doc. No. 72 at 4).

10   **I. Plaintiff need not further define trade secrets before limited discovery commences**

11   Defendant cites California Civil Code of Procedure § 2019.210 providing:

12   > In any action alleging misappropriation of a trade secret under the Uniform Trade Secret Act (Title 5 (commencing with Section 34236)
13   > of Part I of Division 4 of the Civil Code), before commencing discovery relating to the trade secret, the party alleging
14   > misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under
15   > Section 3426.5 of the Civil Code.

16   (Doc. No 68. at 10).  Defendant argues the Court should rely on its inherent power to require

17   Plaintiff at the outset of discovery to "adequately disclose the nature and basis of its asserted trade

18   secrets, along with supporting documents" to avoid "gamesmanship."  (*Id.* at 11).  Defendant

19   maintains that a disclosure "will facilitate the orderly progress of this litigation by defining the

20   contours of the trade secret claims against which DRC must defend."  (*Id.*).  Defendant proffers

21   that requiring Plaintiff to disclose this information at the outset will "avoid the default path of

22   defining the asserted trade secrets through the standardless interrogatory process."  (*Id.*).

23   In support, Defendant cites to *Agency Solutions.com, LLC v. Trizetto Grp., Inc.*, 819

24   F.Supp.2d 1001, 1015 (E.D. Cal. 2011) and *E&J Gallo Winery v. Instituut Voor Landbouw-En*

25   *Viserijonderzoek*, Case No. 1:17-cv-00808-DAD-EPG, 2018 WL 3062160 at *4 (E.D. Cal. June

26   19, 2018). (*Id.* at 10-11).  Plaintiff also relies on *E&J Gallo Winery* noting that the Ninth Circuit

27   has not yet determined whether Rule 2019.210 even applies in the federal courts.

28   The Court finds both cases cited by Defendant distinguishable from the present case. *E&J*

*Gallo Winery* involved a defendant's motion for a protective order to stay discovery pending plaintiff's compliance with Rule 2019.210.  Plaintiff points out that the *E&J Gallo Wine* court recognized that federal courts arrive at different conclusions as to whether Rule 2019.210 applies in federal court (specifically whether the rule constitutes either a procedural or a substantive rule, triggering application or not of the Erie[1] doctrine).  2018 WL 3062160 *3 (citations omitted) (J. Grosjean).  The dispute there involved alleged misappropriation of trade secrets for a food drying device (assembly, exhaust system, designs for various components.  (*Id.* at *1).  Ultimately, under its inherent authority, the *E&G Gallo Winery* court granted defendants' motion for a protective order and required plaintiff to "identify their trade secrets with reasonable particularity" for efficacy purposes and to narrow the issues, noting that plaintiff had initially agreed to provide more specific information under Rule 2019.210 only later to disagree it applied in federal court.  (*Id*. at *4).  Additionally, unlike the present case, the parties in *E&G Gallo Winery* had already exchanged information directed at identifying trade secrets by interrogatories and the defendants contended plaintiff's interrogatory responses were insufficient.   Here, the parties have not yet exchanged any interrogatories, including interrogatories directed at identifying the trade secrets at issue.

      *Agency Solutions.Com, LLC.* was before the court on plaintiff's motion for a preliminary injunction.  (819 F.Supp.2d 1001).  The case involved a dispute between two software developers: one that developed software for the front-end of the health insurance industry and the other who developed software for the back end of the industry.  (*Id.* at 1005-1006).  There, the district court denied plaintiff's motion for a preliminary injunction finding plaintiff did not meet its burden on each requisite element for issuance an injunction.  (*Id.* at 1031).

      Here, the dispute is between Plaintiff Cool Runnings and its former employees who left to form a new competing company, Defendant DRC.  According to the complaint and as discussed in the district court's order granting Plaintiff's motion for a preliminary injunction, the named Defendants, while working for Cool Runnings, downloaded Cool Runnings' documents on

---

[1] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

3

external storage devices, before resigning and starting to work for Defendant DRC. (Doc. No. 59 at 11-13) (thoroughly reviewing details of project order form and noting California law has routinely found price lists to be trade secrets).

Unlike *Agency Solutions.Com, LLC.*, the district court here granted Plaintiff's motion for a preliminary injunction. (*Id.*). In other words, the district court found the current record before it contained sufficient description of trade secrets at issue to warrant the issuance of a preliminary injunction. The order discussed at length the "project materials order form," and the CRI shared drive where bid proposals were maintained, noting that Defendants Gonzalez, Utrera, and former-Defendant Lupian who had resigned from Cool Runnings and began working with Defendant DRC had successfully bid on two projects against their former employer and, on at least one bid, had attached the former employer's form still bearing Cool Running's logo. (*Id.* at 2-5).

Further, as noted in the district court's order:

> Plaintiff identifies the following information as trade secrets that are contained in files allegedly downloaded, copied, and retained by defendants…
>
> [T]echnical plans; engineering information; designs, compilations, methods and processes, customer, supplier and vendor information; pricing structure and information; materials and construction costs particular to different geographic areas; and Cool Runnings' bid matric algorithms, in which Cool Runnings has complied, summarized and synthetized its proprietary information over the course of years.

(*Id.* at 10) (citing Doc. Nos. 1 at 4;; 6-1 at 32). Additionally, the district court noted Plaintiff "sets out example embodiments of its alleged trade secrets" contained on its CRI Share drive, including:

> Cool Runnings' bid matrix algorithms, including Cool Runnings Project Materials Order Form, past bid proposals, in-process future bid proposals, customer information, project specifications, documents containing pricing, materials and construction costs information, design plans, technical plans, and engineering information.

(*Id.*) (citing Doc. Nos. 1 at 7; 6-1 at 32-33).

While the district court was "inclined to agree that the Project Materials Order Form is the only alleged trade secret stated by [P]laintiff with sufficient particularity," (*id*. at 10, n. 4), there was nevertheless sufficient allegations to warrant granting a preliminary injunction. The district

court's order specifically enjoined and restrained Defendant DRC from using Cool Runnings Project Materials Order Form and directed Defendant DRC to return "all documents, materials or information, which constitute, contain, or summarize the Cool Runnings Project Materials Order Form." (*Id*. at 26-27).

Consequently, at this time, the Court will not direct additional briefing or survey Ninth Circuit case law to determine whether California Code of Civil Procedure § 2019.210 applies in the federal courts, or whether the Court should exercise its inherent authority to first direct Plaintiff to specify all trade secrets at issue in this action, particularly when only limited discovery is scheduled to take place at this time, and the parties have not yet exchanged interrogatories which can be tailored to address these issues.

Accordingly, the Court ORDERS the parties to immediately commence the limited discovery, as stipulated in the Joint Discovery Report and set forth below.

**II. Limited Discovery Scheduling Order**

**A. Discovery Requests**

To be completed within 60 days:

(1) Requests for Production: Each party up to a maximum of 25

(2) Requests for Admission: None

(3) Depositions: None

(4) Interrogatories: The parties shall be permitted a maximum of 15 Interrogatories, which will count against the 25 interrogatory limit imposed by Fed. R. Civ. P. 33(a)(1) for the entire case.

**B. Subject Matters For Limited Discovery Period**

Each party is permitted to seek discovery on the following topics during the Limited Discovery Period:

(1) <u>Ownership/Structure</u>.  Discovery regarding the ownership and business structure of DRC, including its Operating Agreement and any agreements with or among its co-owners and/or its leadership.  Discovery regarding the organizational chart of Cool Runnings, the relationship between Defendants Gonzalez and Utrera and Cool

  Runnings, any agreements between Defendants Gonzalez and Utrera and Cool Runnings, and any personnel files if applicable.

(2) <u>Financials</u>.  Financial documents including any tax returns, profit and loss statements and their supporting documentation, documents showing revenues and profits, projected and realized, from PriceSmart projects, including documents related to the parties' respective bid proposals for PriceSmart projects in 2020-2021 in Portmore, Jamaica; La Vega, the Dominican Republic; Bucaramanga, Colombia; and Medelin, Colombia. The discovery requests will be limited by date ranges appropriate for each request.  Where appropriate, the parties may produce requested information in summary form and/or on a "sufficient to show" basis.

(3) <u>Electronic Information Storage</u>.  Discovery to understand how each party stores electronic information, what electronic devices are used, what cloud-based storage platforms are used, and lists of folders, subfolders, and files in any cloud-based storage platform that DRC and Cool Runnings use for their respective businesses.

(4) <u>Communications.</u>  The following non-privileged communications (including e-mails, text messages, and in-app messaging platforms) that are relevant to a case issue:

(a)  Internal communications of DRC and of Cool Runnings concerning the other party and/or Defendants Gonzalez or Utrera;

(b)  Communications between DRC and PriceSmart or between Cool Runnings and PriceSmart regarding (i) the bids and/or proposals each party submitted to PriceSmart regarding the Portmore, La Vega, Bucaramanga, or Medelin projects for PriceSmart, and (ii) PriceSmart's decision to stop accepting proposals from DRC on account of the Court's order granting Cool Running's preliminary injunction motion, if any such communications exist.

**C. General Parameters**

(1)  All discovery requests will be limited by date ranges appropriate for each request.

(2)  Cool Runnings may also seek discovery regarding any documents in the possession,

6

custody or control of DRC[2] that were created by Cool Runnings, obtained from Cool Runnings, or that originated with Cool Runnings.

(3) DRC may seek discovery regarding Cool Runnings' asserted trade secrets, any security measures with regard to the trade secrets, evidence of misappropriation of the trade secrets, and Cool Runnings' damages theories.

(4) Each party has the right to lodge objections to the requests for production and interrogatories as actually drafted, as would be done in the normal course of discovery.

**D. Informal Discovery Conference Prior to Filing Motion to Compel**

The parties jointly stipulated and filed the Joint Discovery Report and shall continue to comply with the spirit and intent of the discovery rules.  In the event a discovery motion is necessary, prior to filing a discovery motion under Fed. R. Civ. P. 37, a party must receive permission from the Court, which the Court will grant following an informal discovery conference.  The parties should refer to the undersigned's "Case Management Procedures" included under the "Civil Procedures" tab on the undersigned's webpage.[3]  A party requesting an informal discovery conference should contact Chambers for available dates.  The Court will schedule the conference as soon as possible, taking into consideration the urgency of the issue.  Before contacting the Court, the parties must meet and confer by speaking in a person, over the telephone, or via video conference in attempt to resolve the dispute.

At least 24-hours before the conference, each party shall simultaneously submit a letter brief, outlining their position regarding the dispute.  The letter briefs shall be no longer than three (3) pages in length.  Letter briefs should not be filed but shall be emailed to Chambers at hbkorders@edca.uscourts.gov.

---

[2] The parties dispute whether Defendants Gonzalez and Utrera, or any individual representatives of entities having a membership interest in DRC who have knowledge, information, documents, within their possession, custody or control responsive to discovery requests directed to DRC, as co-owners of DRC, should participate in discovery.  All parties and non-parties may participate in discovery in accordance with the Federal Rules of Civil Procedure.  And this Court has repeatedly held that documents are deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof, ***or the legal right to obtain the property on demand***.  *Allen v. Woodford*, 2007 WL 309945, at *2 (E.D. Cal. 2007) (emphasis added).

[3] Available at http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/502311/.

### E. Motions to Compel

Following the informal discovery conference set forth above, the parties must conduct at least one additional **telephonic or video** call as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention. If a party files a motion to compel under Fed. R. Civ. P. 37, the parties must prepare and file a Joint Statement Regarding Discovery Disagreement in compliance with Local Rule 251. Failure to comply with Local Rule 251 will result in the Court denying the motion without prejudice and dropping the motion from calendar. In addition to filing a Joint Statement electronically, a copy of the Joint Statement, in Word format, shall also be sent to Chambers by email to hbkorders@caed.uscourts.gov.

### F. Mediation

Prior to the close of discovery, but no later than 90 days after the date on this Order, the parties shall meet and confer and, if appropriate, file a Stipulation and Order[4] reflecting referral to the Court's Voluntary Dispute Resolution Program (VDRP) pursuant to Local Rule 271(d)(1)(A). If the parties agree to referral to the Court's VDRP, the parties may identify a mediator from the Panel of Neutrals previously emailed to counsel on February 24, 2022. *See* Local Rule 271(e).

Dated:   March 3, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[4] A copy of a sample stipulation is located under "Attorney Info" tab on the Court's website. https://www.caed.uscourts.gov/caednew/index.cfm/attorney-info/vdrp/